No. 648

First Circuit

KYLE MOTOR CAR CO. v. SUAREZ

(June 9, 1930. Opinion and Decree.)

Jas. B. Parkerson, of Franklin, attorney for plaintiff, appellee.

F. Xavier Mouton, of Lafayette, attorney for defendant, appellant.

MOUTON, J. Defendant bought a second-hand Willys Knight automobile from plaintiff company. Two or three days after he had purchased it he returned it to plaintiff, claiming that in the operation of the auto there was an excessive consumption of gasoline and lubricating oil which constituted a redhibitory defect in the thing sold, entitling him to an avoidance of the sale.

It is shown that when the auto was first taken back to plaintiff's garage, two or three days after the sale, it was temporarily repaired, Mr. Olivier, manager of plaintiff company, being then absent. After being so repaired defendant kept the auto for a period of about ten or twelve days. He says, during that time he made a trip from Lafayette to Abbeville and back, going a distance of about forty miles, and consumed in that short voyage, about thirty gallons of gasoline. He also stated that in traveling over other short distances the auto had consumed an excessive quantity, not only of gasoline, but also of lubricating oil. After this unsatisfactory use of the auto during these ten or twelve days, defendant brought it back to the plaintiff. He says when he took the auto, Mr. Olivier said if the "car was not satisfactory he would have it put in first class shape, and that it would be satisfactory." Then he was asked if the car had been repaired without any expense to him, if he would not have accepted the car? His answer was: "Yes."

The question between the parties is therefore as to whether or not the auto was properly repaired by plaintiff company, and at its own expense.

Defendant testifies that Mr. Olivier did not say that he would have the car fixed without cost to him.

Sterling, the salesman who sold the car to defendant, says he was present at a conversation between Olivier and defend-

ant when the auto was taken back the second time. He was asked if anything had been said at that time about the auto being put in good shape at the expense of plaintiff company. His answer is that the matter was discussed, that defendant agreed to take the car back if it were overhauled and put in first-class condition.

Olivier testifies that when defendant returned with the auto and complained of its bad condition, he agreed to put it in first-class condition at the expense of plaintiff company. He says he 'phoned defendant several times at his house, and that finally defendant said he would not take the car.

Davis, automobile mechanic for plaintiff company, says he gave the car a thorough overhauling and that it is in first-class condition and is now at the garage of plaintiff company.

The record shows that no bill was sent defendant by plaintiff company for these repairs to the auto. These corroborating facts taken in connection with the testimony of Sterling, salesman of plaintiff, and Olivier, the manager, show that the auto was thoroughly repaired, and put in the condition demanded by defendant, and at the expense of plaintiff company.

The testimony of Olivier shows that, after the car had been thus put in first-class shape, defendant was called upon over the 'phone and without viewing the car, simply declined to take it. The conduct of defendant shows that he had simply changed his mind, and was unwilling to comply with his agreement to accept the car if repaired at the cost of plaintiff company, which entitled plaintiff to judgment on the notes for its purchase price as was decreed below.